UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KYLE STEARNS,

        Plaintiff,        2:13-cv-00479-AA

    v.                        ORDER

LEONARD WILLIAMSON, et al.,

        Defendants.

AIKEN, District Judge.

    Plaintiff, an inmate in the custody of the Oregon Department of Corrections (ODOC), was disciplined at the Eastern Oregon Correctional Institution (EOCI) after he unilaterally assaulted another inmate. Defendant Dave Powell, a Correctional Officer at EOCI, relied on credible confidential informants at the hearing and assessed sanctions against plaintiff.

    Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 alleging that defendants violated his due process rights and his rights under the Oregon Constitution (for injury to his

1 - ORDER

reputation) and at common law for libel, slander and defamation.

Defendants now move for summary judgment (#30). Plaintiff - who has received the Summary Judgment advice notice - has not filed a response.

The facts giving rise to plaintiff's claims are set forth in defendant's Memorandum in Support (#31) and supporting declarations. As noted above, they have not been controverted or contested by plaintiff.

The record reflects that at plaintiff's disciplinary hearing, the disciplinary hearings officer (DHO) relied on statements of two confidential informants. The DHO determined that the confidential informants were reliable and that disclosing the confidential informants' identities would endanger them.

The record further reflects that plaintiff's request to call witnesses was denied. Defendant Powell agreed to plaintiff's request to review surveillance camera video. However, defendant Powell was informed by a correctional officer that there was no usable video.

Petitioner alleges that defendants violated his substantive due process rights in that he was not convicted by proof beyond a reasonable doubt.

However, in the context of priison disciplinary

2 - ORDER

proceedings, due process requires only "some evidence" to support the disciplinary decision. Superintendent v. Hill, 472 U.S. 445, 454 (1985). Under the "some evidence" standard, the relevant inquiry is whether there is any evidence in the record that could support the decision. Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003) (quoting *Superintendent v. Hill*, 472 U.S. at 455-456).

In this case, there was confidential eyewitness testimony from two credible sources identifying plaintiff as his victim's assailant. The evidence also established that the victim was transported to the hospital and treated for serious wounds. The witness accounts linking plaintiff to the victim and the evidence of serious wounds constitutes "some evidence" to support a finding that plaintiff committed the act of "Inmate Assault I." Accordingly the DHO decision to discipline plaintiff for his conduct was supported by "some evidence" and did not violate plaintiff's substantive due process rights.

The Supreme Court has outlined the constitutional due process requirements for prison disciplinary proceedings as follows: "(1) written notice of the charged misconduct at least 24 hours before the hearing; (2) an impartial hearing body; (3) an opportunity to present witnesses and documentary evidence; (4) assistance for illiterate inmates, or in complex

3 - ORDER

cases, and (5) a written statement of the evidence relied upon and the reasons for the sanction imposed." see <u>Wolff v. McDonnell</u>, 418 U.S. 539, 563-72 (1974). Although an inmate has the right to call witnesses at a disciplinary hearing, that right is not unlimited. An inmates's right to call witnesses must "not be unduly hazardous to institutional safety or correctional goals" and a hearings officer may decline an inmate's request to call a witness "whether it be for irrelevance, lack of necessity, or the hazards present in individual cases. *Id.* at 566.

Plaintiff alleges that his procedural due process rights were violated because he was not permitted to call his victim as a witness to support his defense. However, it is well established that a DHO may deny an inmate's request to call a witness in light of security concerns. In this case the DHO reasonably concluded that allowing plaintiff to call his victim as a witness would have posed hazards to the victim and exercised his discretion to exclude the witness. *See* Supplemental Powell Declaration (submitted for *In Camera* inspection) explaining the decision.

Plaintiff also alleges that his due process rights were violated because he was not permitted to produce video surveillance video tape at his hearing.

However, as noted above, it was determined that no

4 - ORDER

surveillance video of the assault existed. Defendants cannot be liable for failing to produce evidence that did not exist. In addition, plaintiff has not established that the outcome of his hearing would have been different if the video tape had been available.

Plaintiff allegs that the DHO should have summarized the confidential informant statements for him so that he could rebut the statements at his hearing. However, as noted above, inmates do not have a constitutional right to confront confidential informant witnesses or otherwise cross examine witnesses at disciplinary hearings.

The record is clear that plaintiff was afforded the constitutional due process guarantees outlined in *Wolff,* and that there was some evidence to support the DHO decision. Accordingly, I find that defendants are entitled to judgment as a matter of lw and it is not necessary to address defendants other arguments in detail.

However, for the sake of the record, I find as follows:

Defendants are entitled to qualified immunity from liability for damages because they did not violate plaintiff's clearly established constitutional rights. *See*, Brosseau v. Haugen, 543 U.S. 194, 198 (2004); Saucier v. Katz, 533 U.S. 194, 206 (2001).

There are no alleged facts from which it could be

5 - ORDER

concluded that defendants Williamson or Coursey were personally involved in any deprivation of plaintiff's rights. *See*, Stevenson v. Koskey, 877 F.2d 1435, 1439 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740 (9th Cir. 1978).

Plaintiff has no private right of action to sue for money damages under the Oregon Constitution. Hunter v. City of Eugene, 309 Or. 298, 303-04 (1990); Barcik v. Kubiaczyk, 321 Or. 174 (1995).

Plaintiff's common law claims are barred by the Eleventh Amendment because under the Oregon Tort Claims Act, the State of Oregon – not the individual parties – are the only proper defendants. ORS 30.265(3).

Based on all of the foregoing, I find that there are no genuine issues of material fact remaining in this case and that defendants are entitled to judgment as a matter of law. Defendants' Motion for Summary Judgment (#30) is allowed. The Clerk is directed to enter a judgment dismissing this action with prejudice.

Any appeal from this order or judgment of dismissal would be frivolous and not taken in good faith.

DATED this 3RD day of December, 2013.

*Ann Aiken*
Ann Aiken
United State District Judge